EASTERN DIST.
*February*, 1832.

DELOGNY ET ALS.
*vs.*
NASH ET ALS.

## DELOGNY ET ALS. *vs.* NASH ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

When a private instrument is referred to in a public act, executed between the same parties, and annexed to it, no further evidence is required of the authenticity of the act under private signature.

The facts are stated in the opinion of the court, delivered by *Porter, J.*

This is an action like that just decided between the plaintiffs and other defendants, in which the legality of a sale made by the city Marshal, under judgments rendered against lots, whose owners were unknown, is put at issue. The pleadings in this case, however, and the facts proved, are not precisely the same as in the other.

To the petition in this instance, the party in possession, Nash, answered that he held the lots for Lambeth, and prayed that he might be dismissed, and Lambeth ordered to defend the suit.

Lambeth did so, and pleaded the general issue—further, that suits were regularly instituted before G. Preval, against lots 1 and 2 in square 26 of the Fauxbourg La Course; that judgments were rendered therein, and that the defendant.

54

became the purchaser at the sales made under the executions which issued in virtue of these judgments.

The answer contains in addition, a prayer that the mayor, aldermen and inhabitants of New-Orleans may be cited, and in case judgment be rendered against the defendant, he may recover over from them the sum of two thousand dollars, being the value of the property sued for.

He afterwards filed a supplemental answer, in which he claimed from the plaintiffs, the value of the improvements made by him on the premises.

The corporation answered, and denied all the allegations of the original petitioners, and those of Lambeth, who had made the call in warranty. They further pleaded, that the purchaser at the sale made under the judgment rendered by the city judge, had acquired a good title to the property.

The plaintiffs subsequently filed a supplemental petition, in which they averred, that they held the property by them claimed, in virtue of a transaction with, or abandonment by their father, dated the 29th July, 1829, and enregistered in the office of the parish judge of St. James, on the 30th of the same month, and also by an act passed before a notary public by the father on the 2d September, 1824, ratifying the previous act. To this supplemental petition, Lambeth pleaded the general issue.

The court below gave judgment in favor of the plaintiff for the two lots, and dismissed the demand in warranty against the corporation. It was further ordered that the defendant Nash, have leave to remove and carry off from the premises, the improvements which he had placed thereon. Lambeth appealed.

On the trial, the plaintiffs offered in evidence the instrument under *sous seing privé*, which had been enregistered in the office of the parish judge of St. James, upon the acknowledgment of one of the parties to it. This evidence was objected to, but admitted. We have just expressed an opinion in the case of the present plaintiff vs. *Smith et als.*, that the court erred in receiving this document, but the evidence presents itself in this instance for consideration, on other grounds than

those exhibited in the suit in which we have just declared it was inadmissible. In the instance before us, in addition to the certificate of the parish judge, it appears by an authentic act duly received in evidence, that reference is there made to the private instrument—that it is annexed to the public act, and ratified. We are of opinion that when a private instrument is referred to in a public act, executed between the same parties, and annexed to it, that no further evidence is required of the authenticity of the act under private signature. Because the public act makes full proof against the parties to it, of every thing therein contained—and consequently to the existence and reality of the instrument *sous seing privé* which is therein acknowledged, and in this instance expressly ratified.

Eastern Dist.
*February*, 1832.

DELOGNY ET ALS.
*vs.*
NASH ET ALS.

When a private instrument is referred to in a public act, executed between the same parties, and annexed to it, no further evidence is required of the authenticity of the act under private signature.

This opinion dispenses with the necessity of examining the objection made to the authority of the husband to represent his wife in the first contract. She appears in person at the execution of the second, and confirms the former, except in those parts wherein the parties had agreed to modify it.

In the present case, therefore, we think the plaintiffs have established a title to the whole of the premises in dispute. It remains only to consider whether they were divested of it by the marshal's sale.

The principles of law which govern alienations of this description, and the strict pursuance of the forms which is required to render the proceedings binding on the proprietors of the property, have been fully gone into in the preceding case. It will be sufficient to give the rule, there laid down, an application to that now before us.

The sale took place on the sixteenth of March. The advertisement was inserted in one of the newspapers in the French language, as follows : three times in December, viz. the 12th, 13th and 15th; three times in February, viz. the 4th, 16th and 21st; and four times in March, viz. the 2d, 10th, 11th and 12th; January being omitted.

If we take the months as given in our calendar, or those within which the advertisements should have been inserted, the sale was contrary to law, as none were put in the news-

EASTERN DIST.
*February*, 1832.

DELOGNY ET ALS.
*vs.*
NASH ET ALS.

papers during all the month of January. If, on the contrary, we commence on the fifteenth of December, which is three months by computation of days, previous to the adjudication, we find that from that time to the fifteenth January, there is only one advertisement, and from the fifteenth of January to the sixteenth February, only two. Under this view, the evidence equally shows a non-compliance with the rules prescribed by the statute, and the sale is void.

The court permitted Nash to take away the improvements made by him, and Lambeth complains of this, alleging that they belonged to him, and that he should be paid their value.

The evidence establishes, they were put there by Nash, on his own account, and not by orders of Lambeth ; and Nash, who was sworn as a witness, acknowledges this fact. We do not see how, under these circumstances, Lambeth can complain. If any one be injured, it is Nash, and he has not appealed. His answer negatives the idea that he purchased the property, and excludes all consideration of Lambeth's rights as warrantor. The cause as before us, presents the naked question of a possessor, without title, who has put improvements on the property for his own convenience.

The court below in this case, has acted on the suit in warranty, and we should have proceeded to examine its correctness, but on looking into the record we perceive that we are not authorised to do so. Whether the appellant intended to bring the whole case before us, or merely that part of it which relates to the contest between him and the appellants, we cannot say. If the first object was contemplated he has not carried it into effect, for no citation of appeal has ever been served on the warrantors, nor is there an acknowledgment of service on their part, to supply the want of it. They are, therefore, not before this court, and we cannot act on their rights.

Being of opinion that the judgment below, as between the plaintiffs and Nash, and Lambeth, is correct, it is ordered, adjudged, and decreed, that that judgment be affirmed, with costs.